# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  )
  )
       Plaintiff,  )
  )    CIVIL ACTION NO.  05-5663
      v.  )
  )
FMC CORPORATION,  )
  )    FILED APR 3 0 2008
       Defendant.  )
_____)

**CONSENT DECREE**

ENTERED

APR 3 0 2008

CLERK OF COURT

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

V.      PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . 9

VII.    COVENANTS BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES. . . . . . . . . . . . . . . . . 12

IX.     COVENANT  BY  FMC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

X.      COVENANT  TO  EPA  BY  SETTLING  FEDERAL  AGENCIES . . . . . . . .14

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . .15

XII.    ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XIII.   RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

XIV.    NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

XV.     RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVI.    INTEGRATION/APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . 21

XVIII.  SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

XIX.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  05-5663 |
| v. | ) | |
| | ) | |
| FMC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT DECREE

## I. BACKGROUND

A. The United States of America  on behalf of the Administrator of the United States

Environmental Protection Agency ("EPA"), filed a complaint in this matter against FMC

Corporation pursuant to Section 107 of the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking

reimbursement of response costs incurred or to be incurred for response actions taken in

connection with the release or threatened release of hazardous substances at a property on East

10th Street, Marcus Hook, Delaware County, Pennsylvania ("the site").

B.  FMC asserts that it has a claim in contribution against the United States Department

of Commerce, the General Services Administration, and other departments, agencies or

instrumentalities of the United States ("Settling Federal Agencies"), as defined in Section IV

below.  The claim is asserted pursuant to Section 113(f) of CERCLA, 42 U.S.C. §113(f),

together with other claims, and seeks to recover certain costs it has allegedly incurred, and will

incur in response to the release or threatened release of hazardous substances at the site.

C. Different United States Department of Justice attorneys represented the affirmative claims of EPA and the defensive interests of Settling Federal Agencies. These attorneys independently evaluated EPA's affirmative claims and the defensive interests of Settling Federal Agencies and after appropriate negotiations, reached a just and fair resolution of all issues.

D. FMC does not admit any liability to EPA arising out of the transactions or occurrences alleged in the complaint. Settling Federal Agencies do not admit any liability arising out of the transactions or occurrences alleged in any counterclaim that may be asserted by FMC.

E. The objectives of the parties in entering into this consent decree are to reflect three negotiated settlements that are consistent with the objectives of CERCLA:

(1) a settlement to resolve the claims of EPA against FMC regarding Past Response Costs, as defined in Section IV below, and FMC's claims against EPA concerning FMC Past Response Costs, as defined in Section IV below, but specifically reserving any rights as to each other concerning any other costs;

(2) a settlement to resolve the claims of FMC which have been or could have been asserted against Settling Federal Agencies regarding Settling Federal Agencies Matters Addressed as defined in Section IV below; and

(3) covenants between EPA and the Settling Federal Agencies concerning certain potential issues related to the site.

F. The United States and FMC agree, and this court by entering this consent decree finds, that this consent decree has been negotiated by the parties in good faith, that settlement of this

2

matter will avoid prolonged and complicated litigation between the parties, and that this consent decree is fair, reasonable, and in the public interest.

THEREFORE, at the request of and with the consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

## II.  JURISDICTION

1.    This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over FMC.  Solely for the purposes of this decree and the underlying complaint, FMC waives all objections and defenses that it may have to jurisdiction of the court or to venue in this district. FMC does not and shall not challenge the terms of this decree or this court's jurisdiction to enter and enforce this decree.

## III.  PARTIES BOUND

2.    This decree is binding upon FMC and its successors and assigns and upon the United States, including EPA and Settling Federal Agencies.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of FMC under this decree.

## IV.  DEFINITIONS

3.    The terms used in this decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever the terms listed below are used in this decree, the following definitions shall apply:

3

"Day" shall mean a calendar day.  In computing any period of time under this  decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

"Effective Date" shall mean the date that this decree is entered by the Court.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Future Response Costs" shall mean all costs that the United States incurs after the date of lodging of this decree in performing any response action at or in connection with the site, including:

reviewing or developing plans, reports, and other items pursuant to this decree;

verifying the response actions at the site, or otherwise implementing, overseeing, or enforcing this  decree; and

payroll costs, contractors costs, travel costs, laboratory costs, oversight costs, and other costs incurred after the date of lodging of this decree.

However, Future Response Costs shall not include any costs, expenses, damages, liabilities, or other amounts, however characterized, for alleged injury to, destruction of, or loss of natural resources, or for any natural resource damage assessments, nor shall it include any costs, expenses, damages, liabilities, or other amounts, however characterized, incurred by the United

4

States or any other person with respect to any location other than the site or other than in connection with the release or threatened release of hazardous substances at the site.

"FMC" shall mean FMC Corporation.

"PADEP" shall mean the Pennsylvania Department of Environmental Protection and its predecessors and successors.

"PADEP Costs" shall mean all costs incurred and to be incurred in the future by PADEP at the site or in connection with the release or threatened release of hazardous substances at the site.

"FMC Future Response Costs" shall mean all costs that FMC incurs after the date of lodging of this decree at the site or in connection with the release or threatened release of hazardous substances at the site, including all administrative costs.  FMC Future Response Costs shall include all Future Response Costs incurred by the United States, as set forth above, and all costs paid to reimburse PADEP Costs.  However,  FMC Future Response Costs shall not include any costs, expenses, damages, liabilities, or other amounts, however characterized, for alleged injury to, destruction of, or loss of natural resources, or for any natural resource damage assessments, nor shall it include any costs, expenses, damages, liabilities, or other amounts, however characterized, incurred by the United States, FMC, or any other person with respect to any location other than the site or other than in connection with the release or threatened release of hazardous substances at the site.

"FMC Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that FMC has paid  in connection with the site through the date of lodging of this

5

decree, plus accrued interest on all such costs through such date.   FMC Past Response Costs shall include, but not be limited to, all Past Response Costs, as defined below, and all costs paid to reimburse PADEP Costs incurred through the date of lodging of this decree.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

"Parties" shall mean FMC and the United States, which represents the interests the EPA and Settling Federal Agencies.

"Past Response Costs" shall mean all costs, including but not limited to direct, indirect, and oversight costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the site through the date of lodging of this decree, plus accrued interest on all such costs through such date.

"Plaintiff" shall mean the United States on behalf of EPA.

"Section" shall mean a portion of this decree identified by a Roman numeral.

"Settling Federal Agencies" shall mean, in addition to the Department of Commerce and the General Services Administration, any predecessor or successor departments or instrumentalities of the United States, in the capacity and to the extent that they have succeeded to the liabilities of the War Production Board, the Defense Plant Corporation, or any other department, agency, or instrumentality of the United States that was involved with the site in and

6

around the time of World War II.

"Settling Federal Agencies Matters Addressed," as used in Section I and in Paragraphs 19 and 23 below, shall mean Future Response Costs, FMC Future Response Costs, FMC Past Response Costs, PADEP Costs, and Past Response Costs.

"Site" shall mean the East 10th Street Superfund Site, encompassing approximately 36 acres, located at 201 East 10th Street, Marcus Hook, Delaware County, Pennsylvania.   A map of the site is attached as Appendix A.

## V. PAYMENT OF RESPONSE COSTS

4.   <u>Payment of Past Response Costs to EPA</u>.  Within the later of sixty (60)  days of entry of this decree, or ten (10) days after the written instructions provided for in paragraph 5, FMC shall pay to EPA Six Hundred Thousand Dollars ($600,000) for deposit into the EPA Hazardous Substance Superfund in reimbursement of EPA's Past Response Costs incurred in connection with the site.

5.   Payment by FMC shall be made by FedWire Electronic Funds Transfer ("EFT") to the DOJ account in accordance with EFT instructions provided to FMC in writing by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of Pennsylvania following lodging of this decree.

6.   At the time of payment, FMC shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions), and to:

Docket Clerk (3RC00)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19107-2029

and to :

Barbara Borden (3PM30)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19107-2029

7.    Such notice shall reference the EPA Region and Site/Spill Identification Number

035Z, DOJ case number 90-11-3-06583/1, and civil action number EDPA 05-5663.

8.    Payment Dates

(a)  As soon as reasonably practicable after the date of entry of this decree, the United

States, on behalf of Settling Federal Agencies, shall pay to FMC Two Hundred Eighty Three

Thousand Seven Hundred and Seventy Nine Dollars ($283,779.00), in reimbursement of FMC

Past and FMC Future Response Costs at the site, by ACH Electronic Funds Transfer in

accordance with instructions provided by FMC in writing.

(b)  The parties to this decree recognize and acknowledge that the payment obligations

of Settling Federal Agencies under this decree can only be paid from appropriated funds legally

available for such purpose.  Nothing in this decree shall be interpreted or construed as a

commitment or requirement that Settling Federal Agencies obligate or pay funds in contravention

of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

(c)  In the event that the payment required by Paragraph 8(a)  is not made within ninety

8

(90) days of entry of this decree, interest on the unpaid balance shall be paid, commencing on the effective date and accruing through the date of payment.

## VI.  **FAILURE TO COMPLY WITH CONSENT DECREE**

9.    <u>Interest on Late Payments</u>.  If FMC fails to make any payment required by Paragraph 4 (Payment of Past Response Costs to EPA) as provided in Paragraph 5  by the required due date, interest shall continue to accrue on the unpaid balance until payment is made.

10.  <u>Stipulated Penalty</u>.

(a)  If any amount due under Paragraph 4 is not paid by the required date, FMC shall be in violation of this decree and shall pay to EPA, as a stipulated penalty, in addition to the interest required by Paragraph 9, Five Hundred Dollars ($500.00) per violation per day that such payment is late.

(b)  Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference  FMC's address, the site name, the EPA Region and Site Spill ID Number 035Z, DOJ Case Number 90-11-3-06583/1, and civil action number EDPA 05-5663.   FMC shall send the check (and any accompanying letter) to:

        U.S. EPA, Region III
        Attention: Superfund Accounting
        P.O. Box 360515
        Pittsburgh, PA 15251-6515

(c)  At the time of each payment, FMC shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions).  Such notice shall reference the EPA Region and Site/Spill ID Number 035Z, DOJ Case Number 90-11-3-06583/1, and  civil action number EDPA 05-5663.  FMC also shall send notice of payment to the following addressees:

> Docket Clerk (3RC00)
> United States Environmental Protection Agency
> Region III
> 1650 Arch Street
> Philadelphia, PA 19107-2029
>
> Barbara Borden (3PM30)
> United States Environmental Protection Agency
> Region III
> 1650 Arch Street
> Philadelphia, PA 19107-2029

(d)  Penalties shall accrue as provided in this paragraph regardless of whether EPA has notified FMC of the violation or made a demand for payment but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this decree.

11.    If the United States brings an action to enforce this decree, FMC shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.    Payments made under this section shall be in addition to any other remedies or sanctions available to the United States by virtue of FMC's failure to comply with the requirements of this decree.

10

13.     Notwithstanding any other provision of this section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this decree.  Payment of stipulated penalties shall not excuse FMC from payment as required by Section V or from performance of any other requirements of this decree.

## VII.  COVENANTS BY PLAINTIFF

14.     Covenant to FMC by United States.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against FMC pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs to EPA) and any amount due under Section VI (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by FMC of its obligations under this decree.  This covenant not to sue extends only to FMC.

15.     Covenant to Settling Federal Agencies by EPA.  In consideration of the payments that will be made by Settling Federal Agencies under the terms of this decree, and except as specifically provided in Section VIII (Reservation of Rights by United States), EPA covenants not to take administrative action against Settling Federal Agencies pursuant to Section 107(a) of CERCLA, 42 U.S.C. §9607(a), to recover Past Response Costs and Future Response Costs.  This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this decree.  This covenant extends only to Settling Federal Agencies.

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

16.    (a) The United States reserves, and this decree is without prejudice to, all rights against FMC and Settling Federal Agencies with respect to all matters not expressly included within the Covenant to FMC by United States and the Covenant to Settling Federal Agencies by EPA in Section VII; and

(b) EPA and the federal natural resource trustees reserve, and this decree is without prejudice to, all rights against Settling Federal Agencies with respect to:

(1)  claims for failure of FMC to meet a requirement of this decree;

(2)  claims for failure of Settling Federal Agencies to meet a requirement of this decree;

(3)  claims for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

(4)  claims for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

(5)  criminal liability; and

(6)  claims for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.  COVENANT BY FMC

17.    Covenant to United States, including Settling Federal Agencies, for Past Response Costs:  FMC covenants not to sue and agrees not to assert any claims or causes of action against the United States, including the Settling Federal Agencies and any department, agencies or

12

instrumentality of the United States, or its contractors or employees, with respect to Past Response Costs and FMC Past Response Costs, including but not limited to:

(a)  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

(b) any claim arising out of the response actions at the site for which the Past Response Costs and FMC Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

(c) any claim pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, or pursuant to the Hazardous Sites Cleanup Act ("HSCA") of October 18, 1988, P.L. 756, 35 P.S. Sections 6020.101-6020.1305, as amended, relating to Past Response Costs and FMC Past Response Costs.

18.    Nothing in this decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19.    <u>Covenant to Settling Federal Agencies as to Future Response Costs</u>:

(a) FMC covenants not to sue and agrees not to assert any claims or causes of action against Settling Federal Agencies, or their contractors or employees, with respect to Future Response Costs and FMC Future Response Costs, including but not limited to:

(1)      any claim arising out of the response actions at the site for which the

13

Future Response Costs and FMC Future Response Costs that shall be incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

(2)    any claim pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, or pursuant to the Hazardous Sites Cleanup Act ("HSCA") of October 18, 1988, P.L. 756, 35 P.S. Sections 6020.101-6020.1305, as amended, relating to Future Response Costs and FMC Future Response Costs.

(3)    Notwithstanding the foregoing provisions, FMC reserves, and this decree is without prejudice to, any claim or cause of action that FMC may have against one or more of the Settling Federal Agencies with respect to response costs for contamination that was not present at the site until after the date of the lodging of this decree.

(b) FMC shall indemnify and hold harmless Settling Federal Agencies against any and all past or future claims asserted against the Settling Federal Agencies for recovery or reimbursement of response costs with respect to Settling Federal Agencies Matters Addressed; provided, however, that FMC shall have no duty to indemnify or hold harmless the Settling Federal Agencies against any claim for recovery or reimbursement of response costs to the extent that such claim is based on contamination that was not present at the site until after the date of the lodging of this decree.

## X.  COVENANT TO EPA BY SETTLING FEDERAL AGENCIES

20.    Settling Federal Agencies hereby agree not to assert any claim for reimbursement

14

from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. §9507) based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law with respect to the site, EPA Past Response Costs, EPA Future Response Costs, FMC Past Response Costs, FMC Future Response Costs, as defined herein, or this decree.  This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

21.    The parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the site against any person not a party hereto.

22.    The parties agree, and by entering this decree,  the court finds, that FMC is entitled, as of the date of entry of this decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for Past Response Costs, and for response costs paid to EPA or incurred for work performed by any third party other than PADEP under an EPA order or decree at or in connection with the site through the date of lodging of this decree.

23.    The parties agree, and by entering this decree,  the court finds, that the Settling Federal Agencies are entitled, as of the effective date of this decree, to protection from contribution

actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. 9613(f)(2), for Settling

Federal Agencies Matters Addressed.

24.     FMC agrees that, with respect to any suit or claim for contribution brought by it for

matters related to this decree, it will notify EPA and DOJ in writing no later than sixty (60) days

prior to the initiation of such suit or claim.  FMC also agrees that, with respect to any suit or claim

for contribution brought against it for matters related to this decree, it will notify EPA and DOJ in

writing within ten (10) days of service of the complaint or claim upon it.  In addition, FMC shall

notify EPA and DOJ within ten (10) days of service or receipt of any motion for summary

judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for

matters related to this decree.

25.     In any subsequent administrative or judicial proceeding initiated by the United

States for injunctive relief, recovery of response costs, or other relief relating to the site, FMC shall

not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res

judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any

contention that the claims raised by the United States in the subsequent proceeding were or should

have been brought in the instant case; provided, however, that nothing in this paragraph affects the

enforceability of the Covenants by Plaintiff set forth in Section VII.

## XII. ACCESS TO INFORMATION

26.     FMC shall provide to EPA upon request, copies of all records, reports, or

information (hereinafter referred to as "records") within its possession or control, or possession of

its contractors or agents relating to activities at the site, including, but not limited to, sampling,

16

analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic

routing, correspondence, or other documents or information related to the site.

      27.    <u>Confidential Business Information and Privileged Documents</u>.

      (a)  FMC may assert business confidentiality claims covering part or all of the

records submitted to Plaintiff under this decree to the extent permitted by and in accordance with

Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  Records

determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2,

Subpart B.  If no claim of confidentiality accompanies records when they are submitted to EPA, or

if EPA has notified FMC that the records are not confidential under the standards of Section

104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such

records without further notice to FMC.

      (b)  FMC may assert that certain records are privileged under the attorney-client

privilege or any other privilege recognized by federal law.  If FMC asserts such a privilege in lieu

of providing records, it shall provide EPA with the following:  1) the title of the record; 2) the date

of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the

record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the

record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record,

the record shall be provided to EPA in redacted form to mask the privileged information only.

FMC shall retain all records that it claims to be privileged until the United States has had a

reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the

FMC's favor.  However, no records created or generated pursuant to the requirements of this or any

17

other settlement with the EPA pertaining to the site shall be withheld on the grounds that they are privileged.

28.     No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the site.

### XIII.  RETENTION OF RECORDS

29.     Until ten (10) years after the entry of this decree, FMC shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the site or the liability of any person under CERCLA with respect to the site, regardless of any corporate retention policy to the contrary.

30.     After the conclusion of the 10-year document retention period in the preceding paragraph, FMC shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any such records, and, upon request by EPA or DOJ, FMC shall deliver any such records to EPA. FMC may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If FMC asserts such a privilege, it shall provide EPA with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to EPA in redacted form to mask the privileged information only.  FMC shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim

18

and any such dispute has been resolved in the FMC's favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the site shall be withheld on the grounds that they are privileged.

31.     FMC hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the site since notification of potential liability by the United States, or the filing of suit against it regarding the site,  and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

32.     The United States acknowledges that the Settling Federal Agencies 1) are subject to all applicable Federal record retention laws, regulations, and policies; and 2) have fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIV.  NOTICES AND SUBMISSIONS

33.     Whenever, under the terms of this decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of this decree with respect to the United States, including the DOJ, EPA, and the Settling Federal Agencies, and to FMC, respectively.

19

**As to the United States:**

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-06583/1)
P.O. Box 7611
Washington, D.C.  20044-7611

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-6-17818)
P.O. Box 23986
Washington, D.C.  20026-3986

As to EPA:

Gail Wilson (3RC43)
Senior Assistant Regional Counsel
EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Joseph McDowell (3HS21)
Remedial Project Manager
EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Barbara Borden (3PM30)
EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to Settling Federal Agencies

Michael Schon
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986

As to FMC:

John F. Stillmun
Assistant General Counsel
FMC Corporation
1735 Market Street
Philadelphia, PA 19103

## XV.  **RETENTION OF JURISDICTION**

34.    This court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this decree.

## XVI.  **INTEGRATION/APPENDIX**

35.    This decree and its appendix constitutes the final, complete and exclusive

agreement and understanding between the parties with respect to the settlement embodied in this

decree. The parties acknowledge that there are no representations, agreements, or understandings

relating to the settlement other than those expressly contained in this decree.  Appendix A is

attached to and incorporated into this decree.

## XVII.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

36.    This decree shall not become final for a period of not less than thirty (30) days to

allow for public notice and comment.  The United States reserves the right to withdraw its consent

if the comments regarding this decree disclose facts or considerations which indicate that this decree is inappropriate, improper, or inadequate. FMC consents to the entry of this decree without further notice.

## XVIII. SIGNATORIES/SERVICE

37.     The undersigned representatives of FMC and the Chief or Deputy Chief of the Environmental Enforcement Section and of the Environmental Defense Section for the Environment and Natural Resources Division of the United States Department of Justice certify that they are authorized to enter into the terms and conditions of this decree and to execute and bind legally their party to this decree.

38     FMC hereby agrees not to oppose entry of this decree by the court or to challenge any provision of this decree, unless the United States has notified FMC in writing that it no longer supports entry of the decree.

39.     FMC shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of FMC with respect to all matters arising under or relating to this decree. FMC hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of the court, including but not limited to, service of a summons. The parties agree and stipulate that FMC need not file an answer to the complaint in this action unless or until the court expressly withdraws the entry of this decree.

22

## XIX.  <u>FINAL JUDGMENT</u>

40.     Upon the expiration of the thirty (30) days referred to in Paragraph 36 and unless the  United States exercises its rights to withdraw its consent as provided in Paragraph 36, this decree shall constitute the final judgment between the United States and  FMC.

SO ORDERED THIS 23rd DAY OF *April* , 2008

_United States District Judge_

THE UNDERSIGNED PARTIES enter into this decree in the matter of United States v. FMC Corporation, Civil Action No. 05-5663 ( E.D. Pa.), relating to the East 10th Street Superfund Site.

FOR THE UNITED STATES OF AMERICA

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

By:

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

Nancy Flickinger
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 514-5258

24

LETITIA GRISHAW
Chief
Environmental Defense Section
Environment and Natural Resources Division


Michael Schon
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division

U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986

PATRICK L. MEEHAN
United States Attorney

*Margaret L Hutchinson*

MARGARET L. HUTCHINSON
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106
(215) 861-8282

26

THE UNDERSIGNED PARTIES enter into this decree in the matter of United States v. FMC Corporation, Civil Action No. 05-5663 ( E.D. Pa.), relating to the East 10th Street Superfund Site.


DONALD S. WELSH
Regional Administrator
Region III
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029


WILLIAM C. EARLY
Regional Counsel
Region III
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029


GAIL P. WILSON
Senior Assistant Regional Counsel
Region III
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

U.S. DEPT. OF JUSTICE
US ATTORNEY E.D. OF PA
2008 APR 22 A 10: 47

27

THE UNDERSIGNED PARTY enters into this decree in the matter of <u>United States v. FMC Corporation</u>, Civil Action No. 05-5663 (E.D. Pa.), relating to the East 10th Street Superfund Site.

FOR DEFENDANT FMC Corporation

Date: _____

ROBERT T. FORBES
Director, Environment
FMC Corporation
1735 Market Street
Philadelphia, PA 19103

Agent Authorized to Accept Service on Behalf of FMC:

Name:    John F. Stillmun

Title:    Assistant General Counsel

Address:        FMC Corporation
                1735 Market Street
                Philadelphia, PA 19103

28